## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR BROWN, | : | CIVIL ACTION NO. 3:CV-12-2021 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | **FILED**<br>**SCRANTON** |
| | : | |
| GERALD ROZUM, et al., | : | JUL 2 3 2014 |
| | : | |
| Respondents | : | PER _____ DEPUTY CLERK |

### MEMORANDUM

Petitioner, Lamar Brown, filed the instant petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of

Common Pleas for Adams County, Pennsylvania. (Doc. 1). For the reasons that

follow, the petition will be denied.

## I.   Background

The following background has been extracted from the Pennsylvania

Superior Court's August 24, 2012 Memorandum Opinion affirming the denial of

Brown's petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S.A.

§§ 9541, et seq., ("PCRA"), see (Doc. 20-4 at 78-92, Memorandum Opinion), in

which the Superior Court adopts the PCRA court's summary of facts as follows:

> On December 17, 2002, [Appellant] and his co-defendant were
> arrested and charged for the robbery of three individuals of cash
> and jewelry in the Borough of Gettysburg. At that time,
> [Appellant] was brandishing a sawed-off shotgun. On April 7,

2003, Clarence E. Allen, Esquire, entered his appearance on behalf of [Appellant]. On May 19, 2003, an Order was entered granting Attorney Allen access to [Appellant's] medical records from the Adams County Prison.

On October 20, 2003, [Appellant] ... entered a plea of guilty to three counts of Robbery, 18 Pa. C.S.A. § 3701. Sentencing was deferred until January 13, 2004. At that time, the [trial court] was presented with a pre-sentence investigation report which contained a copy of a mental health evaluation performed on [Appellant] at the prison by Rose Maturo, M.S., L.P.C., dated January 6, 2004. Nothing therein gave any hint that [Appellant] was unable to understand due to the medication he was taking.[1] [Appellant] was sentenced to three consecutive terms of imprisonment of 5-10 years. His request for reconsideration of sentence was denied on April 20, 2004. [No direct appeal was filed.]

[Appellant] filed a *pro se* Motion for Post-Conviction Collateral Relief on May 27, 2005. After review, the [PCRA court] wrote to [Appellant] advising that the issues he was raising were untimely and would be dismissed unless properly amended. Gregory Hollinger, Esquire was appointed to represent [Appellant].

On January 6, 2005, [Appellant], through counsel, filed a Statement of Objection to Dismissal of PCRA Petition, wherein he claimed relief because [*inter alia*] (1) Plea counsel failed to file a motion to withdraw his plea as requested, (2) Plea counsel failed to file an appeal from sentencing, [and (3) Appellant's guilty plea was involuntarily entered because Appellant was then taking medications that interfered with his ability to comprehend his decision to plead guilty.]

\*\*\*

---

[1]In fact, the report indicates that during the interview Appellant "was alert and oriented to person, place, and time and his memory and thought processes are intact." Report at 2.

[At a pre-hearing conference] scheduled for January 12, 2006[,] [t]he primary issue at that time was whether [Appellant's] right to file a direct appeal from sentencing should be granted. If granted, all other post-conviction collateral claims would be stayed pending the outcome of the appeal, but, if denied, the PCRA motion would be dismissed as untimely filed.

On January 12, 2006, without a hearing, the Commonwealth conceded to the issue regarding [Appellant's] right to appeal. Therefore, the right was reinstated and [Appellant] filed his appeal on January 24, 2006. Seven days later, the Court directed [Appellant] to file his Statement of Matters Complained of on Appeal as required by Pa.R.A.P. 1925(b). That statement was not filed until March 10, 2006. Because of that late filing, [a panel of the Superior Court] considered all issues waived and affirmed the judgment of sentence on January 3, 2007. [See Commonwealth v. Brown, 212 MDA 2006 (Pa. Super. filed Jan. 3, 2010)(unpublished memorandum).]

On October 30, 2007, [Appellant] filed [another PCRA petition] wherein he claimed relief based on the basis of ineffective assistance of counsel and an invalid plea due to the effects of medication. Barbara Entwistle, Esquire, was appointed to represent [Appellant]. She filed a Supplemental PCRA Petition on December 28, 2007, which she further amended on January 10, 2008. Essentially, the same claims for relief were averred as raised in 2005, with the addition of the Attorney Hollinger's ineffectiveness in filing a late Rule 1925 statement. ...

\*\*\*

On November 12, 2009, the [PCRA court] entered an Opinion and Order finding [Appellant's] initial PCRA counsel ineffective and granting [Appellant] the right to pursue his original direct appeal. ...

[Appellant] appealed on December 10, 2009, and the Superior Court affirmed on November 15, 2010. [See Commonwealth v. Brown, 2119 MDA 2009 (Pa. Super. filed Nov. 15, 2010)(unpublished memorandum).

> For reasons that need not be discussed, Attorney Entwistle requested leave to be replaced as [Appellant's] counsel and, on January 14, 2011, Stephen Maitland, Esquire, was appointed to represent [Appellant]. The Court indicated, in writing, to [Appellant] and Attorney Maitland that the case would proceed when they identified the issues they wished to pursue. On August 4, 2011, Attorney Maitland [filed a "memorandum" stating] that the only issue being pursued concerned the validity of [Appellant's] plea. ... He [also] indicated that he was not successful in obtaining York County medical records, and, therefore, intended to claim "governmental interference."
>
> [The lower court treated Attorney Maitland's memorandum as a PCRA petition.] A hearing was held before this Court on October 17, 2011. At that time, [Appellant] also claimed that he was not properly colloquied regarding his right to a jury trial [where he would be presumed innocent].
> PCRA Court Opinion, 10/31/11, at 1-5. On October 31, 2011, the PCRA denied Appellant's PCRA petition.

(Doc. 20-4 at 78-92, Memorandum Opinion).

On November 21, 2011, Brown filed a notice of appeal to the Pennsylvania Superior Court, (Doc. 20-4 at 62, Notice of Appeal), and a Statement of Matters Complained of on Appeal on December 8, 2011. (Doc. 20-4 at 64). Petitioner, through counsel, requested to amend his Statement of Matters Complained of on Appeal, (Doc. 20-4 at 69), and filed an amended Statement of Matters Complained of on appeal on January 31, 2012. (Doc. 20-4 at 74).

On August 24, 2012, the Pennsylvania Superior Court affirmed the PCRA Court's October 31, 2011 Opinion and Order denying PCRA relief. (Doc. 20-4 at

78).

On October 9, 2012, Petitioner filed the instant petition.  (Doc. 1, petition).

He raises the following grounds for relief:

> 1.  The trial court lacked jurisdiction over the subject matter by reason of a defective Information which rendered the case and sentence "void ab nito."
>
> 2.  The Pennsylvania Criminal Statutes are of an unknown and uncertain authority, unconstitutional and void.
>
> 3.  The failure of York County Prison Medical Staff to provide Petition's medical records to PCRA counsel constitutes "governmental interference."
>
> 4.  Petitioner's guilty plea was unknowing, unintelligent and involuntary.
>
> 5.  The laws charged against Petitioner are not valid, or do not constitutionally exist, as they do not conform to certain constitutional prerequisites, and thus, are not laws at all, which prevent subject matter jurisdiction to the trial court.
>
> 6.  Ineffective assistance of trial counsel for failing to raise the criminal Information was defective because it was signed by an attorney not authorized to act on behalf of the Commonwealth.
>
> 7.  Ineffective assistance of first PCRA counsel.

(Doc. 1, petition).

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and

Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to

Brown that he could either have the petition ruled on as filed, that is, as a § 2254

petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA").  (Doc. 4).  On October 31, 2012, Petitioner returned the Notice of Election, indicating that he wished to have his petition ruled on as filed.  (Doc. 5, Notice of Election).

On November 5, 2012, a Show Cause Order was issued, directing that the petition be responded to as filed.  (Doc. 6).  A response to the petition, and traverse having been filed, the petition for writ of habeas corpus is ripe for disposition.

## II.   Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-8 (1991).  Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2254(a); <u>Estelle</u>, 502 U.S. at 67-8 (1991); <u>see also</u> <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984); <u>Johnson v. Rosemeyer</u>, 117 F.3d 104 (3d Cir. 1997).

## A.    **Exhaustion/Procedural Default**

A district court may only grant a habeas petition of the petitioner has exhausted all available state remedies as to each federal claim raised in the petition. 28 U.S.C. § 2254(b)(1)(A); <u>see also</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991); <u>Slutzker v. Johnson</u>, 393 F.3d 373, 379 (3d Cir. 2004). Exhaustion requires the petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the state's established appellate review process," including petitioning for discretionary appeal. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-845 (1999); <u>Slutzker</u>, 393 F.3d at 380 (citing <u>Doctor v. Walters</u>, 96 F.3d 675, 681 (3d Cir. 1996)). The burden is on the petitioner to establish that all available state remedies have been exhausted. <u>Parker v. Kelchner</u>, 429 F.3d 58, 62 (3d Cir. 2005).

Exhaustion is excused for futility if "there is an absence of available State corrective process," for example when an appeal or petition for review would be procedurally barred as untimely, or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii);

Slutzker, 393 F.3d at 380 (citing Doctor, 96 F.3d at 681).  However, if exhaustion is futile because the petitioner failed to satisfy a state procedural requirement, then the petitioner has procedurally defaulted and the exhaustion requirement is not excused.  Coleman, 501 U.S. at 729-730; Slutzker, 393 F.3d at 380-381.  An unexhausted claim which may no longer be raised in the state courts because of a procedural bar, such as a prior waiver of the claim or the failure to raise the claim in a timely petition, is considered to have been defaulted.  Lambert v. Blackwell, 134 F.3d 506, 518 (3d Cir. 1997).  Federal courts may not entertain habeas petitions where the petitioner has procedurally defaulted because the procedural default "rests on independent and adequate state procedural grounds."  Coleman, 501 U.S. at 729-30; Slutzker, 393 F.3d at 380-81.

Procedural default may be excused only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 749-50; Slutzker, 393 F.3d at 380-81.  To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules."  Murray, 477 U.S. at 488.  Actual prejudice requires a petitioner to establish that an error caused him "actual and substantial disadvantage."  Murray, 477 U.S. at 494 (citing United States v. Frady, 456 U.S. 152, 170 (1982)).

A review of Petitioner's seventh issue reveals that his claims of ineffective assistance of first PCRA counsel, for failing to obtain Petitioner's medical records from the York County Prison to support the allegation that because of medication and mental health issues, his plea was not valid in that he did not understand what he was doing on the day of the plea, has never been presented to any state court for review.

This issue was raised for the first time in a March 10, 2009 PCRA conference, addressing Petitioner's January 10, 2008 counseled amended supplemental PCRA petition[2], amending his second PCRA petition.[3] See (Doc. 20-

_____

[2]The following issues for review were raised in Petitioner's amended supplemental PCRA petition:

1. Trial counsel rendered ineffective assistance by ignoring Defendant's request to file a direct appeal to Superior Court.

2. Trial counsel rendered ineffective assistance by ignoring Defendant's request to file a Motion to Withdraw the Guilty Plea.

3. Trial counsel rendered ineffective assistance by advising the Defendant to accept the plea agreement when the preliminary hearing revealed that less than all alleged robbery victims appeared to testify against the Defendant.

4. Trial counsel was ineffective in failing to challenge the legality of the sentence of the trial Court.

5. The trial court abused his discretion in sentencing the

9

Defendant to a term of imprisonment of fifteen (15) to thirty (30) years.

6.  A guilty plea involuntarily entered because the Defendant was then taking medication that interfered with his ability to comprehend the essential elements surrounding the crimes charged and the decision to plead guilty.  Alternatively, trial counsel was ineffective for failing to have a forensic evaluation performed to determine if Defendant was competent to enter the plea.

7.  A guilty plea involuntarily entered because Defendant's counsel failed to properly advise him of the nature and elements of the crimes charged and available defenses.

8.  Prior PCRA counsel was ineffective in failing to file a Statement of Matters complained of on Appeal within the tallowed time frames which resulted in a dismissal of Defendant's direct appeal.

9.  Prior PCRA counsel was ineffective in failing to pursue items 2 through 7 above.

(Doc. 20-2, pp. 2-3).

[3]At the March 10, 2009 video conference, addressing Petitioner's medical records, Petitioner's counsel stated:

> our allegation is that my client was on medication which may have impacted his ability to fully understand what he was doing when he entered the guilty plea. So I had obtained medical records, the actual, not just the dosages but also the types of medicines he was receiving but from Adams County Prison.  I was able to get everything. From York County I was able to get nothing.

(Doc. 20-2 at 15, N.T. 3/10/2009, Video Conference).  The Court further delineated

10

2 at 15, N.T. 3/10/2009, Video Conference).

However, by Order dated November 12, 2009, the PCRA court, finding that prior PCRA counsel was ineffective for failing to file a Statement of Matters Complained of on Appeal in a timely fashion, restored Petitioner's direct appeal rights, nunc pro tunc. (Doc. 20-2 at 72, Order). The Court further ordered that Petitioner had thirty days within which to file a notice of appeal, the remaining allegations of error raised in the petition would not be decided, and his supplemental PCRA issue raised in court on March 10, 2009, alleging ineffective assistance of counsel for failing to raise an issue as to the defective Criminal Information, and his July 6, 2009 pro se Supplemental PCRA petition were denied. Id. Neither Petitioner's subsequent direct appeal, filed on December 10, 2009, nor his appeal of the denial of his Supplemental PCRA issues and pro se Supplemental PCRA petition, raised the issue of ineffectiveness of first PCRA counsel for failure to obtain medical records from York County. See (Doc. 20-2 at 85, Notice of Appeal). In fact, Petitioner's federal habeas corpus action is the first time he raises

---

the issue by stating that "...I see here that the appeal issue was one of whether or not the plea was involuntary due to medication, but I don't think even in '05 anyone had those reports." Id. at 21. In response to the Court, Petitioner's counsel replied "I guess my position would be that there was ineffective assistance in not pursuing the medical records that would have immediately preceded the date that my client entered the plea, try to preserve that issue." Id.

this argument since the March 10, 2009 PCRA conference.  Thus, Petitioner has

failed to exhaust his state court remedies with respect to issue seven.

To the extent that Petitioner argues that he "presented this claim to the

PCRA court on March 10, 2009 at a PCRA conference with the PCRA court" and

that the PCRA court determined that "the remaining allegations, including

Petitioner's allegations that initial PCRA counsel Attorney Hollinger was

ineffective, would not be decided at that time", see (Doc. 26 at 33), he is mistaken.

The PCRA court's order specifically granted "Averments 1 and 8 of the

Supplemental PCRA petition filed December 28, 2007" and restored his appeal

rights, nunc pro tunc, determining that "the remaining allegations of error **raised in**

**the petition** will not be decided at this time."  (Doc. 20-2 at 72, Order) (emphasis

added).  Petitioner's ineffectiveness claim regarding first PCRA counsel's failure to

obtain his medical records was first mentioned at the March 10, 2009 PCRA

conference, not in his petition.  Moreover, with respect to any issues raised at that

conference, the Court held that "Defendant's supplemental PCRA issue raised in

court on March 10, 2009, alleging ineffective assistance of counsel for failing to

raise an issue as to the defective Criminal Information, is denied" and "Defendant's

pro-se Supplemental PCRA petition filed July 6, 2009 is denied."  Id.  As such,

Petitioner has failed to exhaust his state court remedies with respect to this claim.[4]

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" 28 U.S.C. § 2254(b); see also, Werts v. Vaughn, 228 F.2d 178, 192 (3d Cir. 2000). It must be clear from existing state law and state court decisions that an avenue is foreclosed before exhaustion will be excused. Lines, 208 F.3d at 163. "In such cases applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991)." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); see also, Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S.Ct. 396 (2001); Lines, 208 F.3d at 164-66.

---

[4]In addition, habeas relief can be granted only based upon the proceedings that actually resulted in Petitioner's conviction, not upon circumstances that occurred during the state post-conviction proceedings. See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998). Therefore, claims premised upon delay or other problems encountered while seeking state collateral relief are inappropriate grounds for granting habeas review. See id.

To show cause, a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. Murray v. Carrier, 477 U.S. 478, 488 (1986); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir.), cert. denied, 504 U.S. 944 (1992). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993); Coleman, 501 U.S. at 750. In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller, 251 F.3d 408.

In view of the passage of time since Petitioner's conviction became final, it does not appear as though he could pursue any state court remedies at this time. See Lines, 208 F.3d at 163. That is, any relief that may have been available to him under the PCRA act is now foreclosed by its one-year statute of limitations, and Petitioner's claims do not satisfy any of the three § 9545 exceptions. See 42 Pa.C.S. § 9545.[5] Petitioner, however, has not alleged cause or prejudice. Nor has

---

[5]Pennsylvania prisoners must file their initial and subsequent PCRA petitions:

> within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

he demonstrated his actual innocence such that a lack of review by the court will

constitute a fundamental miscarriage of justice.

**B.**   **Merits**

"The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')

modified a federal habeas court's role in reviewing state prisoner applications in

---

    (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii)   The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.

(1)    Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.

42 Pa.C.S. § 9545(b).

order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).  Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d).[6]  See generally, Knowles v. Mirzayance, 556 U.S. 111, 120-21 (2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001).  The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning.  Williams v.

---

[6]Specifically, 28 U.S.C. § 2254(d)provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the  evidence presented in the State court proceeding.

16

Taylor, 529 U.S. 362, 404-05 (2000).  As explained in Bell:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable ....

Bell, 535 U.S. at 694 (citations omitted).

In a recent decision, Renico v. Lett, 559 U.S. 766, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010), the United States Supreme Court, quoting Williams, explained that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 1862.  Therefore, a federal court may not grant habeas relief simply because it has concluded in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly.[7]  Id.  Rather, the state court application must be objectively unreasonable.  Renico added that this distinction creates a substantially higher threshold for obtaining relief under § 2254 and imposes a highly deferential

---

[7] "Whether the trial judge was right or wrong is not the pertinent question under the AEDPA." Renico, 130 S. Ct. at 1865 n.3.

17

standard for evaluating state court decisions.  Simply put, "state-court decisions

[must] be given the benefit of the doubt."  Id. (quoting Woodford v. Viscotti, 537

U.S. 19, 24 (2002) (per curiam)).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. §

2254(d) if the state court decision finally resolves the claim on the basis of its

substance, rather than on a procedural or some other ground.  Thomas v. Horn, 570

F.3d 105, 115 (3d Cir. 2009).  The deferential standard of § 2254(d) applies even

"when a state court's order is unaccompanied by an opinion explaining the reasons

relief has been denied"; as recently explained by the Supreme Court, "it may be

presumed that the state court adjudicated the claim on the merits in the absence of

any indication or state-law procedural principles to the contrary."  Harrington v.

Richter, —— U.S. ——, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).

Finally, when reviewing a habeas claim, a federal court must presume that

the state court's determinations of factual issues are correct.  28 U.S.C. §

2254(e)(1).  This presumption of correctness applies to both explicit and implicit

findings of fact, and is only rebutted by clear and convincing evidence to the

contrary.  28 U.S.C. § 2254(e)(1); Miller–El v. Cockrell, 537 U.S. 322, 341 (2003)

(stating that the clear and convincing standard in § 2254(e)(1) applies to factual

issues, whereas the unreasonable application standard of § 2254(d)(2) applies to

factual decisions); <u>Campbell v. Vaughn</u>, 209 F.3d 280, 286 (3d Cir. 2000).

## 1.   **Defective Criminal Information**

Petitioner argues that the trial court lacked subject matter jurisdiction because the criminal information filed against him was signed by Assistant District Attorney Brian Coffey in 2003, without any written designation of authority filed by the District Attorney with the Clerk of Courts, rendering the information "null and *void ab initio*", in violation of his right to due process. (Doc. 1, petition at 6).

Habeas relief is available only for violations of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). For this reason, claims based upon state law error are not cognizable. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); <u>Reinert v. Larkins</u>, 379 F.3d 76, 94 n.4 (3d Cir. 2004).

Petitioner's claim, although couched as a due process claim, is premised solely upon violations of state law concerning the District Attorney's failure to sign the information or designate, in writing, to the clerk of court, that Assistant District Attorney Coffey may act as an attorney for the Commonwealth, and is, therefore, not cognizable in federal habeas review. <u>Estelle</u>, 502 U.S. at 67–68.[8]

---

[8]Notably, Petitioner has already received state-law based PCRA relief, and appellate review on this claim. <u>See</u> (Doc. 20-2 at 72, 76-77 and Doc. 20-4 at 2).

### 2.    Pennsylvania Criminal Statutes are Unconstitutional

Petitioner claims that "the Pennsylvania Criminal Statutes are of an unknown and uncertain authority, unconstitutional and void". (Doc. 1, petition at 7). Specifically, he claims that the statute under which he was convicted "has no enacting clause", in violation of his Fifth, Eighth, and Fourteenth Amendment Rights. Id. In ground five of his petition, he "asserts that the laws charged against him are not valid, or do not constitutionally exist, as they do not conform to certain constitutional prerequisites, and thus are not laws at all, which prevents subject matter jurisdiction to the trial court." (Doc. 1, petition at 17).

Once again, Petitioner's claims, as presented to the state courts, are based on his premise that the Pennsylvania State Constitution and laws promulgated pursuant to it are invalid, according to state law principles. See (Doc. 20-4 at 9). Accordingly, these are non-cognizable claims, based entirely on perceived errors in state law, and will be dismissed.[9] Estelle, 502 U.S. at 68; Reinert, 379 F.3d at 94 n.4.

Moreover, to the extent that Petitioner now couches his claims as violative of the federal constitution, he did not raise this claim on direct appal or in his PCRA

---

[9]Once again, Petitioner has already received state-law based PCRA relief, and appellate review on this claim. See (Doc. 20-2 at 72, 75, and Doc. 20-4 at 9).

petition.  Consequently, the claim is unexhausted.  See Lambert v. Blackwell, 387

F.3d 210, 233–34 (3d Cir. 2004) (explaining that to exhaust state remedies, a

Pennsylvania inmate must present his federal claim to the trial court and then to the

Superior Court).  Petitioner's failure to exhaust also means his claims are

procedurally defaulted because the PCRA statute of limitations has expired for him.

See Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001).  He has neither alleged

cause and prejudice to excuse his default, nor demonstrated that he is actually

innocent; hence, the claims cannot be reviewed on their merits.  See Coleman v.

Thompson, 501 U.S. 722, 750 (1991).

### 3.    Governmental Interference

Petitioner argues that the failure of York County Prison medical staff to

provide his medical records to PCRA counsel constitutes "governmental

interference."  (Doc. 1, petition at 9).

Although not raised as a separate constitutional claim in the state courts, the

issue of governmental interference arose before the PCRA Court when he was

pursuing the sole issue of whether his guilty plea was entered involuntarily because

of the effects of prescribed medications which left him unable to understand the

nature and the consequence of his plea.  See (Doc. 20-4 at 51, PCRA Court

Opinion).  The PCRA Court noted that:

Defendant's inability to secure the medical record information from the York Count Prison, which may have assisted him establishing his alleged prescription-induced mental limitations, is not the type of governmental interference that entitles one to relief under the Post Conviction Relief Act. Defendant has not asserted any authority that such "interference" entitles him to relief under the Act. Under Section 9545(b) of the Act[10] an untimely filing can be excused if

> (i) the failure to raise the claim previously was the result of <u>interference by government</u> officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States (emphasis added).

Here, Defendant is not claiming that the government interfered with his ability to file a timely petition; therefore, this section does not apply Furthermore, most cases under this section address claims that the government improperly withheld exculpatory evidence from a defendant.  In this case, the medical information is not exculpatory as to the underlying charge.

Id. at 59.

Because this claim was not raised as a separate issue before the PCRA court, and was incorporated into Petitioner's attack on the validity of his guilty plea, on appeal, the Pennsylvania Superior Court found this claim "waived because Appellant could have raised these issues[11] on direct appeal, but failed to so." (Doc.

---

[10]42 Pa. C.S.A. § 9545(b).

[11]The Superior Court also found Petitioner's claim that the PCRA court erred in finding his guilty plea was knowing and voluntary when the plea court failed to inquire whether he was under the influence of any medication that impaired his ability to comprehend the proceedings, to be waived due to Petitioner's failure to couch the issue in terms of ineffective assistance of counsel.  (Doc. 20-4 at 91, Aug. 24, 2012 Memorandum Opinion).

22

20-4 at 91, Aug. 24, 2012 Memorandum Opinion).   The Court relied on Section 9544[12] of the PCRA which provides that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." Id.

It is well-settled that a federal habeas court will not review an issue of federal law where the petitioner presented the claim to the state courts in a manner that precluded review on the merits because he failed to comply with a state procedural requirement, and the decision of the state court refusing to consider the merits rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991); see Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996) (concluding, "if the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed"). Here, Petitioner presented his claim of governmental interference to the Pennsylvania Superior Court.

The Superior Court's finding was a straightforward application of the PCRA's waiver provisions, and this holding is an independent and adequate state

---

[12] 42 Pa.C.S.A. § 9544.

ground for the state court decision.  See Coleman, 501 U.S. at 749-52 (describing "the important interests served by state procedural rules" and "the harm to the States that results when federal courts ignore these rules").  Indeed, the federal courts in this Circuit have consistently and repeatedly held that the PCRA default provisions—its prohibition against previously litigated and waived claims—are independent and adequate state grounds barring federal habeas review.  See, e.g., Lines v. Larkins, 208 F.3d 153, 164–66 (3d Cir. 2000), cert. denied, 531 U.S. 1082, 121 S.Ct. 785, 148 L.Ed.2d 681 (2001); Sistrunk v. Vaughn, 96 F.3d 666, 674–75 (3d Cir. 1996).

Because the PCRA's waiver rule provision is both independent and adequate, Petitioner has procedurally defaulted this claim.  He is, accordingly, not entitled to federal habeas review unless he can meet his burden of establishing "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Harris v. Reed, 489 U.S. 255, 260–63 (1989); Morris v. Horn, 187 F.3d 333, 342 (3d Cir. 1999). He cannot do so.

Notably, Petitioner does not even acknowledge his procedural default, let alone allege cause and prejudice to excuse it.  For this reason alone, the default

24

must stand.  See Teague v. Lane, 489 U.S. 288, 298 (1989) (holding that the

petitioner's failure to allege cause for his default precluded federal habeas review

of a defaulted claim).  Further, he has not attempted to show that a miscarriage of

justice would occur from a failure to consider the defaulted claim.  See Schlup, 513

U.S. 298, 327 (1995) (providing that "miscarriage of justice" exception requires

petitioner to come forward with new evidence of actual innocence).  Because

Petitioner has not alleged, and cannot establish, cause and prejudice or a

miscarriage of justice to excuse the default, federal review of this claim is

unavailable.  See Coleman, 501 U.S. at 750.

### 4.   **Guilty Plea**

Petitioner argues that his guilty plea was not knowingly, intelligently and

voluntarily entered because he was "under the influence of psychotropic

medication which impaired his ability to understand the proceedings and to

intelligently choose the best court of action for his case." (Doc. 1, petition at 10).

He also claims that the "trial court failed to colloquy [him] on the record about his

absolute right to a trial by jury and the gravity of waiving that right and the

presumption of innocence, which are two areas the court is required to delve into

on the record to ascertain that the defendant's plea is knowingly, intelligently, and

voluntarily entered, pursuant to Pennsylvania Rules of Criminal Procedure

390(A)(2)..." Id.  Additionally, he alleges that his claims are also "in violation of

Petitioner's sixth amendment right to a trial by jury and fourteenth amendment

right to due process." Id.

To comport with the Fifth Amendment, a defendant's plea of guilty must be

voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238 (1969).  The "long

standing test for determining the validity of a guilty plea is 'whether the plea

represents a voluntary and intelligent choice among the alternative courses of

action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting

North Carolina v. Alford, 400 U.S. 25, 31 (1970)).  A guilty plea may be

constitutionally infirm if the defendant failed to understand the constitutional rights

he was waiving by pleading guilty or had an incomplete understanding of the

charges lodged against him. Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976).

In McCarthy v. United States, 394 U.S. 459, 464–667 (1969), the Supreme Court

held that the most efficient method of insuring the intelligent, voluntary nature of a

guilty plea is through the colloquy between the trial judge, the defendant, and the

defendant's attorney.  Such a colloquy should establish that the defendant

understood the nature of the charges, his right to a jury trial, the acts sufficient to

constitute the offense for which he is charged, and the permissible range of

sentences. Boykin, 395 U.S. at 244 n.7.

A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden. Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994). "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity ." Id. (citing Blackledge v. Allison, 431 U.S. 63, 74–74 (1977)).

The governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, but "questions of historical fact, including inferences properly drawn from such facts, are in this context entitled to the presumption of correctness accorded state court factual findings." Parke v. Raley, 506 U.S. 20, 35 (1992) (citing Marshall v. Lonberger, 459 U.S. 422, 431–32 (1983)). The presumption applies to findings of fact by the trial and appellate courts of the state, both explicit and implicit. Id. at 36. A habeas petitioner has the burden of rebutting this presumption of correctness by presenting "clear and convincing" evidence to the contrary. See 28 U.S.C. § 2254(e)(1).

In rejecting Petitioner's claims regarding the voluntary nature of his plea, the Pennsylvania Superior Court stated:

27

First, Appellant claims his guilty plea was involuntary and unknowing because both trial counsel and trial court failed to inform Appellant during his oral guilty plea colloquy that he had a right to trial by jury where he would be presumed innocent. Even though these concepts were thoroughly explained in Appellant's written guilty plea colloquy, Appellant claims trial counsel should have reviewed the written colloquy with him on the record. He also argues the PCRA court should not have accepted trial counsel's representation that he had fully explained these rights to Appellant before Appellant signed the written guilty plea colloquy.

However, we note that Appellant's instant PCRA petition only contained the general claim that Appellant "should be allowed to withdraw his guilty plea as involuntary, unknowing, or unintelligent." PCRA Petition, 8/4/11, at 1. The petition did not specifically state that trial counsel's ineffectiveness caused Appellant to enter an unknowing and involuntary plea, but claimed Appellant was on medication that may have impaired his ability to understand his plea. Our rules of criminal procedure provide that a PCRA petitioner must include every ground for relief in his petition and "failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." Pa.R.Crim.P. 902. Accordingly, Appellant waived his claim that his guilty plea was unknowing as a result of trial counsel's failure to ensure that Appellant was given a proper guilty plea colloquy.

Even assuming *arguendo* that Appellant had properly raised this claim in his PCRA petition, we would find this issue to be meritless.[13] When reviewing a claim that counsel's ineffectiveness caused a petitioner to enter an unknowing guilty plea, we are guided by the following standard:

> A criminal defendant has the right to effective counsel

---

[13] Appellant presented trial counsel as a witness at the PCRA hearing to determine whether he provided adequate representation in ensuring that Appellant was given a proper colloquy before he entered his guilty plea.

28

during a plea process as well as during trial.
Commonwealth v. Hickman, 799 A.2d 136, 141 (Pa.
Super. 2002). "The law does not require that appellant be
pleased with the outcome of his decision to enter a guilty
plea[.]" Commonwealth v. Diaz, 913 A.2d 871, 873 (Pa.
Super. 2006) (citation omitted). Instead, "the defendant
must show that counsel's deficient stewardship resulted
in a manifest injustice, for example, by facilitating entry
of an unknowing, involuntary, or unintelligent plea."
Commonwealth v. Morrison, 878 A.2d 102, 105 (Pa.
Super. 2005) [(*en banc*)]. "The voluntariness of [the]
plea depends on whether counsel's advice was within the
range of competence demanded of attorneys in criminal
cases." Commonwealth v. Lynch, 820 A.2d 728, 732 (Pa.
Super. 2003)(citation omitted). Therefore, "[a]llegations
of ineffectiveness in connection with the entry of a guilty
plea will serve as a basis for relief only if the
ineffectiveness caused appellant to enter an involuntary
and unknowing plea." Commonwealth v. Allen, 557 Pa.
135, 732 A.2d 582, 587 (1999).

Commonwealth v. Bedell, 954 A.2d 1209, 1211-13 (Pa. Super. 2008).

In order to prove that the defendant entered an involuntary or
unknowing plea as a result of counsel's ineffective assistance, the
defendant has the burden of proving the following:

[T]he constitutional ineffectiveness standard requires the
defendant to rebut the presumption of professional
competence by demonstrating that: (1) his underlying
claim is of arguable merit; (2) the particular course of
conduct pursued by counsel did not have some reasonable
basis designed to effectuate his interest; and (3) but for
counsel's ineffectiveness, there is a reasonable
probability that the outcome of the proceedings would
have been different. Commonwealth v. (Michael) Pierce,
567 Pa. 186, 786 A.2d 203, 213 (2001); Commonwealth
v. Kimball, 555 Pa. 299, 724 A.2d 326, 333 (1999). A
failure to satisfy any prong of the test for ineffectiveness

29

will require rejection of the claim.

Morrison, 878 A.2d at 105 (quoting Commonwealth v. Gribble, 580 Pa. 647, 657, 863 A.2d 455, 460 (2004). Once a defendant enters a guilty plea, the defendant has the burden to proving the plea was unknowing or involuntary as there is a presumption that he was aware and understood the choice he made. Bedell, 954 A.2d at 1212. Our courts will review the totality of the circumstances to determine whether a guilty plea was entered knowingly and voluntarily. Id.

To ensure that defendant's plea is voluntary, intelligent, and knowing, trial court's must ascertain whether the defendant's plea colloquy explains the substance and consequences of the plea and the right he is giving up by pleading guilty:

> A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from the recommended sentence.

Morrison, 878 A.2d at 105 (citing Commonwealth v. Flanagan, 578 Pa. 587, 605-606, 854 A.2d 489, 500 (2001); Comment to Pa.R.Crim.P. 590(A)(2)). However, in Morrison, this Court sitting *en banc* found that the trial court's failure to set forth the elements of the crimes to which Morrison was pleading guilty at the oral colloquy in and of itself was not sufficient grounds to find Morrison's plea to be involuntary or unknowing:

> Our Supreme Court has repeatedly stressed that where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea. Commonwealth v. Schultz, 505 Pa. 188, 477 A.2d 1328 (1984); Commonwealth v. Martinez, 499 Pa. 417, 453 A.2d 940 (1982); Commonwealth v. Shaffer, 498 Pa. 342, 446 A.2d 591 (1982). "Whether notice [of the nature of the charges] has been adequately imparted may be determined by the totality of the circumstances attendant

30

upon the plea[.]" <u>Martinez</u>, <u>supra</u> at 420, 453 A.2d at 942.

***

[W]hile the Court has admonished that a complete failure to inquire into any one of the six, mandatory subjects generally requires reversal, <u>see</u>, <u>e.g.</u>, <u>Commonwealth v. Chumley</u>, 482 Pa. 626, 634, 394 A.2d 497, 501 (1978); . . . .<u>see generally</u> <u>Commonwealth v. Ingram</u>, 455 Pa. 198, 203-05, 316 A.2d 77, 80-81 (1974)(holding that the character of a guilty plea is tested according to the adequacy of the on-the-record colloquy), as both parties acknowledge, in determining the availability of a remedy in the event of a deficient colloquy, it has in more recent cases moved to a more general assessment of the knowing, voluntary, and intelligent character of the plea, considered on the totality of the circumstances....

<u>Id</u>. at 606-607, 854 A.2d at 500-501. Further supporting these precepts is the following comment to Pa.R.Crim.P. 590:

It is advisable that the judge conduct the examination of the defendant. However, paragraph (A) does not prevent defense counsel or the attorney for the Commonwealth from conducting part or all of the examination of the defendant, as permitted by the judge. In addition, nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination. Its use would not, of course, change any other requirements of law, including these rules, regarding the prerequisites of a valid guilty plea or plea of *nolo contendere*.

To summarize, whether a defendant is aware of the nature of the offenses depends on the totality of the circumstances, and a plea will

not be invalidated premised solely on the plea court's failure to outline the elements of the crimes at the oral colloquy.

In this case, Appellant executed a document where in he admitted that he was advised of the robbery and conspiracy offenses outlined in the information. The information clearly sets forth the elements of these crimes. In addition, the facts, as set forth at the oral colloquy, indicate that Appellant pointed a gun at the victim and took cash and was facilitated in his endeavor by two other actors. These facts undoubtedly support the conclusion that Appellant was guilty of robbery and conspiracy. The written colloquy establishes that Appellant understood that by entering his plea, he admitted that he was properly charged with the offenses to which he was pleading guilty.

> The extensive written colloquy also explained the rights Appellant was forfeiting, indicated the Appellant understood the proceedings and was satisfied with his counsel, and explored all of the sentencing and collateral consequences involved in the guilty plea. The plea court went over four of five mandated areas, and the sixth was not implicated. **The single omission at the oral colloquy was the trial court's failure to outline the elements of the crimes. However, this failure, standing alone, is not fatal to the plea. It is apparent that Appellant was aware of the nature of the offenses because he executed a document admitting that he was advised of the offenses outlined in the information, which detailed the elements of those offenses.** <u>Commonwealth v. Allen</u>, 557 Pa. 135, 732 A.2d 582 (1999)(defendant could not claim ignorance that sentences could be imposed consecutively; despite oral colloquy's omission regarding consecutive sentencing, record contained documents establishing defendant's awareness).

<u>Morrison</u>, 878 A.2d at 107-109 (some citations omitted)(emphasis added).

Likewise, when viewing the totality of the circumstances in this case, we find that Appellant's guilty plea was knowing and voluntary even though the trial court and trial counsel failed to inquire on the record if Appellant understood that he was waiving his right to a jury trial where he would be presumed innocent. Appellant signed a comprehensive written plea colloquy that outlined these concepts in substantial detail. The written plea colloquy contained a paragraph entitled "Right to Trial" in bold print which explained that Appellant had a right to a jury trial in which he could take part in selecting a jury of his peers, who would have to reach a unanimous verdict to find Appellant guilty. The next paragraph thoroughly discusses Appellant's rights at trial including the fact that he is presumed innocent and would not be required to present evidence or testify as it is the Commonwealth's burden to prove his guilty beyond a reasonable doubt.

Moreover, the last paragraph of Appellant's written guilty plea colloquy state the following:

> I have had enough time to fully discuss my case and my decision to plead guilty or nolo contendere and everything contained in this guilty/nolo contendere plea colloquy with my lawyer, and, by placing my initials on all the lines provided, I am saying that I understand, agree with, and answer truthfully everything contained in this guilty plea statement.

Written Plea Colloquy, at 4. Appellant placed his initials after each and every paragraph in the four page colloquy. Accordingly, we conclude that Appellant was aware that he was losing his right to a jury trial where he would be presumed innocent when he executed this extensive written colloquy fully explaining these concepts.

In response, Appellant argues that this trial counsel failed to review the written colloquy with him but simply told him to sign the forms so the trial court would give him a lenient sentence. The record does not support this assertion as Appellant placed his initials next to a

paragraph in capital letters stating: "I UNDERSTAND AND MY LAWYER HAS EXPLAINED TO ME, ALL THE FACTS AND RIGHTS WHICH I HAVE WHICH ARE CONTAINED IN THIS GUILTY PLEA COLLOQUY AND THAT BY PLEADING GUILTY OR NOLO CONTENDERE, I AM GIVING UP OR LOSING ALL OF THESE RIGHTS." Written Guilty Plea, at 4.

Further, during the oral plea colloquy, Appellant admitted that he had reviewed the written colloquy and understood its contents:

> COURT: Lamar... On the colloquy forms that were handed up, did you look over these carefully?
>
> [APPELLANT:] Yes.
>
> COURT: Is there anything on here that you do not understand?
>
> [APPELLANT:] No.
>
> COURT: Are these your initials and signature on the documents?
>
> [APPELLANT:] Yes.

N.T. 10/20/03, at 2. Appellant also admitted he had sufficient time to discuss the plea with his attorney, was satisfied with trial counsel's advice and representation, was not pressured into pleading guilty, and understood the possible penalties he faced. N.T. 10/20/03, at 7-8.

Moreover, trial counsel testified at Appellant's PCRA hearing that he thoroughly discussed the plea with Appellant and claimed he had no doubts Appellant understood their conversations. N.T. PCRA Hearing, 10/17/11, at 29. Counsel adamantly denied promising Appellant he would receive a five to ten year sentence by signing the

> plea colloquy.  N.T., 10/17/11, at 29.  As the PCRA court found trial
> counsel's testimony to be credible, we will not disturb this finding
> which is supported by the record.  <u>Commonwealth v. Dennis</u>, —Pa.
> —, 17 A.3d 297, 305 (2011)(citations omitted) ("A PCRA courts
> credibility findings are to be accorded great deference where the
> record supports the PCRA courts credibility determinations, such
> determinations are binding on a reviewing court.").

(Doc. 20-4 at 83-91, Aug. 24, 2012 Memorandum Opinion).

Although the Superior Court found that Petitioner waived his claim that his

guilty plea was unknowing as a result of trial counsel's failure to ensure that he was

given a proper guilty plea colloquy, the Court, in an alternative argument, reached

the merits of his claim.  In reviewing the Superior Court's analysis, this Court finds

that the Pennsylvania Superior Court addressed Petitioner's invalid plea colloquy

claim in accordance with United States Supreme Court's command that a valid

guilty plea is one that is voluntary, knowing, and intelligent.[14]  As such, the plea

colloquy test applied by the state court is not contrary to clearly established

Supreme Court precedent.

Turning to the second step of the § 2254 analysis, an objective evaluation of

---

[14]Although the Superior Court did not cite directly to Supreme Court case law,
"[a] state court decision is not contrary to ... clearly established Federal law simply
because the [state] court did not cite [applicable Supreme Court precedent]."
<u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003).

the state court's decision demonstrates that it was not an unreasonable determination of facts in light of the evidence. In the instant case, the Superior Court found that Petitioner's guilty plea was knowing and voluntary even though the trial court and trial counsel failed to inquire on the record if he understood that he was waiving his right to a jury trial where he would be presumed innocent. The Court found that his signing of a comprehensive written plea colloquy that outlined these concepts in substantial detail was sufficient to satisfy the third requirement of Pennsylvania Rule of Criminal Procedure 590. This Court agrees. See Burke v. Krestes, 2011 WL 4867542 (3d Cir. 2010) (concluding that although the trial court's oral colloquy was inadequate, evidence regarding the petitioner's written statement was sufficient to establish that the plea was knowing and voluntary), affirmed by 448 Fed. Appx. 266, 267 (3d Cir. 2011) (finding "no basis for disturbing the District Court's thorough and persuasive opinion and judgment").

Moreover, with respect to Petitioner's claim that the medication he was on impaired his ability to understand his plea, although the Superior Court found this issue to be waived, see (Doc. 20-4 at 91, Aug. 24, 2012 Memorandum Opinion), the PCRA court found that, at his PCRA hearing, Petitioner was not able to identify what medication he was taking at the time of his plea, and offered no expert opinion regarding the impact of such medication on his ability to understand what

he was doing when he entered his plea.  (Doc. 20-4 at 59, Oct. 31, 2011 PCRA

Opinion).  The PCRA court found Petitioner's statements in the PCRA proceeding

to be contrary to the statements and representations made at the time of the plea,

and that his testimony at the PCRA hearing was self-serving, incredible, and

completely countered by the record and testimony of his attorney. Id.  This Court

applies a presumption of correctness to the findings of fact by the trial and

appellate courts of the state, neither of which Petitioner has rebutted by presenting

"clear and convincing" evidence to the contrary. See 28 U.S.C. § 2254(e)(1).

Accordingly, based upon the facts of record, Petitioner's guilty plea was in

accordance with Pennsylvania law, as well as Supreme Court law, and his claim

that his plea was invalid is meritless.

### 5.    Ineffective Assistance

Petitioner alleges that his plea counsel was ineffective for failing to raise the

argument that the criminal information was defective because it was not signed by

an attorney authorized to act of behalf of the Commonwealth.  (Doc. 1, petition at

19).

A claim for ineffective assistance of counsel is governed by the two-pronged

test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on an

ineffective assistance claim, a petitioner must show that: (1) counsel's

representation fell below an objective standard of reasonableness, and (2) the deficient representation was prejudicial to the petitioner. Id. at 688. In determining whether counsel has met the objective standard of reasonableness, courts must be highly deferential towards trial counsel's conduct. See id. at 686. In addition, counsel cannot be deemed ineffective for failing to raise a meritless claim. See United States v. Saunders, 165 F.3d 248, 253 (3d Cir. 1999). To satisfy the prejudice prong, a petitioner must show a reasonable probability that, but for the errors of his or her counsel, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.

In the instant action, the state court reviewed Petitioner's ineffective assistance of counsel claim under the following test:

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must ... demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

(Doc. 20-2 at 76) (quoting Commonwealth v. Zook, 887 A.2d 1218, 1229 (Pa. 2005)). The state court did not cite Strickland, but the Third Circuit Court of Appeals has specifically held that Pennsylvania's ineffective assistance of counsel test is not contrary to Strickland. See Jacobs v. Horn, 395 F.3d 92, 106 n.9 (3d Cir.

38

2005) (holding Pennsylvania's three-prong test corresponds with Strickland's two-prong test), citing Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). As such, the ineffective assistance of counsel test applied by the state court in this case was not contrary to clearly established Supreme Court precedent.

Furthermore, an objective evaluation of the state court's decision shows that it was not unreasonable.  In addressing Petitioner's issue of ineffective assistance of counsel for failing to raise the argument that the criminal information was defective, the PCRA Court found the following:

> A criminal information must be signed by an attorney for the Commonwealth, i.e. the District Attorney.  Pa.R.Crim.P. 560(B).  An attorney for the Commonwealth may also be "any assistant district attorney whose authority to act for the district attorney...is evidenced by a written designation executed by the district attorney...and filed with the clerk of courts."  42 Pa.C.S. § 8931(i).

> It is undisputed that no written designation was filed by then District Attorney Paul Dean with the Clerk of Courts authorizing Brian Coffey to act as an attorney for the Commonwealth.  However, Courts have held that the signature requirement is merely directory and "its absence renders an information merely voidable and curable by amendment if properly raised in a pre-trial motion to quash." Com v. Veneri, 452 A.2d 784, 788 (Pa. Super. 1982). Citing Veneri, Superior Court later held that "a defendant's failure to challenge the propriety of a signature appended to an information through the filing of a pre-trial motion to quash, results in the waiver for that claim for purposes of appellate review."  Com v. Slyman, 483 A.2d 519, 527 (Pa. Super. 1984).  (See also, Com v. Golden, 455 A.2d 162, 163 (Pa. Super. 1983)).

39

Accordingly, Defendant has waived the issue of the defective information. This is arguably per-se ineffective assistance of counsel. However, Defendant has not shown how the failure of trial counsel to file a pre-trial motion to quash prejudiced him. As the Court pointed out in Veneri, the failure to append the appropriate signature to an information renders that information merely voidable. If trial counsel had filed a motion to quash, the Commonwealth would have had the right to amend the information and, presumably, it would have done so.

Therefore, Defendant's claim of ineffective assistance based on the defective information is denied.

(Doc. 20-2 at 76, 77, Nov. 12, 2009 Opinion). Because Petitioner cannot demonstrate prejudice as a result of counsel's inaction, that is, that the outcome of his case would have been different, as a result of plea counsel's failure to file a motion to quash the criminal information, his ineffective assistance of counsel claim fails. See Strickland, 466 at 697 (ineffective assistance claim will be dismissed if the petitioner makes an insufficient showing under either the performance or prejudice prongs); McAleese v. Mazurkiewicz, 1 F.3d 159, 170–171 (3d Cir. 1993) (explaining that the court is not required to address issue of counsel's performance if it determines that no prejudice resulted from counsel's conduct).

## III.   Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be

**DENIED**.  A separate Order will be issued.

Dated: July 23, 2014

**United States District Judge**